NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SETH HOOPER,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2026-1379

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4564, Judge Coral Wong Pietsch.

---

Decided: May 13, 2026

---

SETH HOOPER, Ocean, NJ, pro se.

OLIVER MCDONALD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before DYK, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

Seth A. Hooper appeals a final decision of the Court of Appeals for Veterans Claims ("Veterans Court") denying his motion to recall the mandate issued on February 15, 2022, in connection with an earlier case brought by Mr. Hooper. *See Hooper v. McDonough*, 2021 WL 5367885 (Vet. App. Nov. 18, 2021) ("*Hooper* 2021"). Mr. Hooper's theory is that, in later decisions, both the Board of Veterans' Appeals ("Board") and the Veterans Court concluded that a January 2008 rating decision was final in contravention of the Veterans Court's supposed conclusion in *Hooper* 2021 that the 2008 rating decision was not final. The Veterans Court denied Mr. Hooper's motion based on its determination that *Hooper* 2021 did not decide that the 2008 rating decision was nonfinal. Because the Veterans Court did not err in its interpretation of *Hooper* 2021, we affirm.

I

Mr. Hooper served several tours on active duty between September 2000 and November 2011. In February 2007, after a VA general examination and dental evaluation, the VA Regional Office ("RO") inferred a claim for benefits for dental trauma sustained during Mr. Hooper's active service from March 2004 to August 2005. In a January 2008 rating decision, the RO denied benefits for dental trauma. Mr. Hooper did not appeal that decision.

Years later, in May 2019, Mr. Hooper filed a claim for benefits for traumatic brain injury ("TBI"), which was granted in January 2020, with an effective date of April 9, 2019, the date of his intent to file his claim. Mr. Hooper appealed that determination to the Board with the goal of obtaining an earlier effective date of August 24, 2005. In Mr. Hooper's view, he was entitled to the earlier date because it was the effective date provided for his previous dental trauma claim, which he contended was intertwined with his claim for TBI because both injuries arose from the same combat incident during service. When the Board

denied an earlier effective date, in part because Mr. Hooper had not appealed the RO's January 2008 rating decision, Mr. Hooper appealed to the Veterans Court. Mr. Hooper argued that the RO's January 2008 rating decision was not final. The Veterans Court in the *Hooper* 2021 opinion concluded that remand was required "because Mr. Hooper's challenges to the finality of the decision denying him benefits for a dental disability and his request to reopen his claim for a dental disability *may be pending* and because the Board made no findings to explain whether his TBI claim could be construed as part of his original claim for a dental disability." *Hooper* 2021, 2021 WL 5367885, at \*4 (emphasis added).

On remand, the Board again denied Mr. Hooper's request for an earlier effective date. Mr. Hooper appealed and, this time in 2023, the Veterans Court once again vacated and remanded, finding that the Board had failed to provide an adequate explanation for its decision. In the ensuing remand, the Board once again denied Mr. Hooper an earlier effective date; subsequently, in 2025, the Veterans Court yet again found the Board's explanation to be inadequate and vacated and remanded a third time. On that remand, the Board once more rejected an earlier effective date for Mr. Hooper's TBI – and that decision is currently pending on appeal to the Veterans Court. *See Hooper v. Collins*, No. 25-7532 (Vet. App.).[1]

---

[1] Mr. Hooper also filed a petition for a writ of mandamus with the Veterans Court, asking it to compel "immediate[]" adjudication of his appeal at the Board. *See Hooper v. Collins*, 2025 WL 2717386 at \*1 (Vet. App. Sept. 24, 2025). The Veterans Court denied the petition and, in an opinion issued on April 21, 2026, we affirmed. *See Hooper v. Collins*, 2026 WL 1077243 (Fed. Cir. 2026).

On December 2, 2025, Mr. Hooper filed a motion in the Veterans Court requesting that it recall the mandate it issued in connection with its *Hooper* 2021 opinion; that is, the first appeal that remanded the issue of the effective date of his TBI to the Board. In his motion, Mr. Hooper argued the Veterans Court's *Hooper* 2021 decision "made a binding determination that a January 2008 regional office (RO) decision [concerning dental trauma had not yet] become final" (based on the language quoted above), and the subsequent Veterans Court decisions (in 2023 and 2025, each remanding the issue of TBI effective date to the Board)[2] "contradicted" that binding determination, requiring that they be vacated. SAppx1-2, 4.[3]

In an order dated December 5, 2025, the Veterans Court denied Mr. Hooper's motion. It reasoned that its *Hooper* 2021 decision "certainly did not find that the January 2008 decision was not final," as "the Court found only

---

Additionally, Mr. Hooper has pressed for an earlier effective date for his TBI in a separate case, involving a claim for service connection for migraines and post-traumatic stress disorder. *See Hooper v. Collins*, 2025 WL 2484992 at *1 n.1 (Vet. App. Aug. 29, 2025). The Veterans Court refused to consider TBI-related arguments in that proceeding. *See id.* In an opinion issued on March 16, 2026, we affirmed-in-part and dismissed-in-part. *See Hooper v. Collins*, 2026 WL 733489, at *2 (Fed. Cir. Mar. 16, 2026) ("Because the TBI claim has been the subject of a separate claim stream arising out of the separate 2020 RO Decision, we do not have jurisdiction to hear his appeal with respect to his TBI benefits.").

    [2]    *See Hooper v. McDonough*, 2023 WL 5436388 at *4 (Vet. App. Aug. 24, 2023); *Hooper v. Collins*, 2025 WL 1546948 (Vet. App. May 30, 2025).

    [3]    "SAppx" refers to the Supplemental Appendix filed with Appellee's Informal Response Brief, ECF No. 11.

that the Board did not address Mr. Hooper's arguments concerning finality, which required remand." SAppx4-5. Mr. Hooper now appeals the Veterans Court's denial of his motion.

## II

Our jurisdiction over appeals from the Veterans Court is limited. *See Conyers v. McDonough*, 91 F.4th 1167, 1170 (Fed. Cir. 2024). "We have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C.] § 7292, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017) (cleaned up). "Except to the extent that an appeal . . . presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

## III

Mr. Hooper contends that the Veterans Court's reading of its *Hooper* 2021 opinion, and its refusal to treat certain facts recited in it as binding on the Board, was legally erroneous under the mandate rule, law-of-the-case doctrine, and 38 C.F.R. § 3.156(c). *See* Appellant's Informal Br. at 6 (alleging Veterans Court "refus[ed] to acknowledge the operative findings in the 2021 opinion"); Appellant's Informal Reply Br. at 3 (identifying questions on appeal as "[w]hether the Veteran's Court misinterpreted the scope of its own prior mandate" and whether it "disregard[ed] factual predicates" in its *Hooper* 2021 decision). We have jurisdiction to review the Veterans Court's interpretation of its *Hooper* 2021 decision. *See generally Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 950 (Fed. Cir. 1997) ("[T]he interpretation by an appellate court of its own mandate is properly considered a question of law, reviewable de novo.").

Mr. Hooper has not persuaded us that the Veterans Court committed any error in interpreting its *Hooper* 2021 decision. To the contrary, the Veterans Court's conclusion that *Hooper* 2021 remanded for the Board to *consider* the finality question, and that *Hooper* 2021 did not itself determine that the Board's earlier decision was final, is plainly correct. *See Hooper* 2021 at \*4 ("[Mr. Hooper's] request to reopen his claim for a dental disability *may be* pending.") (emphasis added). Accordingly, the Veterans Court did not err in determining that it had not conclusively established the finality of Mr. Hooper's claim for service connected dental trauma in *Hooper* 2021.

## IV

We have considered Mr. Hooper's remaining arguments and find them without merit. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

Each party to bear its own costs.